UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BYRON JOSUE LAGOS MARTINEZ,
Petitioner,
v.
GREGORY J. ARCHAMBEAULT, et al.,
Respondents.

Case No. 26-cv-04842-RFL

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner Byron Josue Lagos Martinez filed a petition for a writ of habeas corpus seeking immediate release or a bond hearing. (Dkt. No. 1 ("Petition").) As averred in the Petition, and as Respondents do not dispute, Petitioner is a citizen of Nicaragua who first entered the United States in January 2021. (*Id.* ¶ 18.) After he surrendered at the border, immigration authorities detained him for approximately three weeks and then released him. (*Id.*) Petitioner was thereafter granted employment authorization and worked as a sprinkler installer, and has no criminal history. (*Id.* ¶ 19.) In April 2026, an immigration judge ("IJ") ordered him removed. (Dkt. No. 7-1 at 12.)[1] Petitioner has appealed that decision. (*Id.* at 15.) On June 22, 2026, Immigration and Customs Enforcement re-detained him. (Petition ¶ 20.) At a bond hearing, the IJ found Petitioner was a flight risk because of his order of removal. (Dkt. No. 7-1 at 19, 25–27.) Without further analysis, the IJ denied him bond. (*Id.*) Petitioner contends that the IJ violated his Fifth Amendment right to due process by failing to consider whether less restrictive

[1] All citations to page numbers in filings on the docket refer to ECF pagination.

alternatives than detention could sufficiently mitigate his flight risk. For the reasons stated below, the Petition is **GRANTED**.

As a threshold matter, Respondents contend that Petitioner was required to exhaust his administrative remedies by appealing his bond determination. Exhaustion is a prudential requirement rather than a jurisdictional one, and may be required if "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (citation omitted). None of those factors weigh in favor of requiring exhaustion. First, "an administrative appellate record is not necessary to resolve the purely legal questions presented." *See id.* at 989. Second, failing to require exhaustion would not encourage bypass of administrative remedies, since this Court only has jurisdiction because Petitioner raises a colorable constitutional claim. *See id.* Finally, Respondents contend that no due process violation occurred, so it is unlikely that the agency would correct any mistake. (*See id.*; Dkt. No. 7 at 3.) Accordingly, Petitioner did not need to appeal his denial of bond before filing this petition.

Petitioner's procedural due process challenge is governed by the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Faizi v. LaRose*, 831 F. Supp. 3d 993, 1002 (S.D. Cal. 2026). Petitioner has a significant private interest in remaining out of custody after his initial release. As for the risk of an erroneous deprivation, "[t]here is simply no way for the government to know whether . . . an alternative condition would adequately serve" the "legitimate purpose of ensuring the non-citizen's presence at future hearings" if it does not consider that issue. *See Hernandez*, 872 F.3d at 991. As a result, due process requires IJs to consider alternative conditions when setting bond. *Id.* at 990–91, 994. To be sure, IJs need not consider alternative conditions after finding a noncitizen to be dangerous, since such a finding means detention is "clearly 'reasonably related' to the government's interest in protecting the

public." *Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citation omitted). But, where the sole concern is risk of flight, that assumption does not always make sense. *Cf. Black v. Decker*, 103 F.4th 133, 159 (2d Cir. 2024) (requiring IJs to give "*some* weight" to alternatives to detention for non-dangerous individuals), *cert. granted sub nom. on other questions*, *Genalo v. Black*, No. 25-886, 2026 WL 1718025 (U.S. June 15, 2026). Courts have repeatedly recognized that risk of flight is commonly addressed effectively through release conditions. As the Ninth Circuit has observed, "the Intensive Supervision Appearance Program—which relies on various alternative release conditions—resulted in a 99% attendance rate at all EOIR hearings and a 95% attendance rate at final hearings." *Hernandez*, 872 F.3d at 991. In light of the "empirically demonstrated effectiveness of such conditions at meeting the government's interest in ensuring future appearances," the Ninth Circuit has held that due process requires consideration of release conditions as an alternative to bond, when the sole concern is risk of flight. *Id.* That logic applies with equal force to detention to ensure future appearances. As courts around the country have concluded, there is a significant risk of erroneously detaining noncitizens who might otherwise appear as required, if the IJ does not evaluate release on conditions. *See Alvarez Felix v. United States Dep't of Just.*, No. 26-CV-03304-HDV, 2026 WL 1719418, at *2 (C.D. Cal. June 10, 2026) (collecting cases). As to the third factor, any administrative cost is "easily outweighed by the reduction in the risk of erroneous deprivation of liberty." *See Hernandez*, 872 F.3d at 994.

Accordingly, the Petition is **GRANTED**. Respondents are **ORDERED** to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) by **<u>September 29, 2026</u>**. If Petitioner is found to be a flight risk, the IJ **SHALL** consider whether less restrictive alternatives than detention could sufficiently mitigate his flight risk. If no bond hearing is held by **<u>September 29, 2026</u>**, Petitioner shall be released on **<u>September 30, 2026</u>**. Petitioner also requests an award of attorneys' fees. The Court will consider an application for reasonable fees that is filed within 30 days of the entry of judgment. Accordingly, the request for attorneys' fees is **DENIED WITHOUT PREJUDICE**.

The Clerk of the Court shall close the case and enter judgment in favor of Petitioner.

**IT IS SO ORDERED.**

Dated: September 15, 2026

RITA F. LIN
United States District Judge